UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
IN RE APPLICATION OF USA PURSUANT      )          ML No:  22-1202
TO 18 U.S.C. § 3512 FOR ORDER FOR          )
COMMISSIONER'S APPOINTMENT FOR        )
COMPUTER FRAUD INVESTIGATION           )
                                                    )
_____)

*Reference:      DOJ Ref. # CRM-182-84965*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Greece.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.        The Central Authority of Greece, the Ministry of Justice, submitted a request for

assistance (Request) to the United States, pursuant to the Treaty Between the Government of the

United States of America and the Government of the Hellenic Republic on Mutual Legal

Assistance in Criminal Matters, U.S.-Greece, May 25, 1999, S. TREATY DOC. NO. 106-18

(2000), as supplemented by the Protocol to the Treaty Between the Government of the United

States of America and the Government of the Hellenic Republic on Mutual Legal Assistance in

Criminal Matters, signed 26 May 1999, U.S.-Greece, Jan. 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (Treaty).

2.      As stated in the Request, the Public Prosecutor's Office of the Court of First Instance of Piraeus, in Greece, is investigating unknown subject(s) for computer fraud, which occurred in December 2020, in violation of the criminal law of Greece, specifically, Article 386, paragraph 1, of the Greek Penal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Greek authorities, the victim company in Greece markets and distributes marine electronics, navigation systems, and electronic charts.  It makes regular payments to its supplier of electronic charts and other digital navigation tools, which is located in the United Kingdom (U.K. supplier).  On December 2, 2020, the accounting department of the U.K. supplier emailed a payment request and payment schedule to the accounting department of the victim company.  The victim company replied by email, indicating that the first payments of USD 100,000 and GBP 124,000 would be paid on December 3, 2020.

4.      On December 3, 2020, the accounting department of the victim company received a letter, via email, purportedly from the sales department of the U.K. supplier, which changed the bank account information for the payments to JPMorgan Chase Bank account number XXXXX6999, located in the United States, and to a bank account in the United Kingdom.  The letter was on company letterhead, appeared to be signed by an officer of the U.K. supplier, and included accurate details pertaining to the contract between the two companies.  Believing the letter to be legitimate, the victim company transferred a total of approximately USD 100,000 to JPMorgan Chase Bank account number XXXXX6999 and GBP 24,000 to the U.K. account, as instructed.  On the same day, the U.K. supplier notified the victim company that it had not

received payment.  On December 4, 2020, the victim company notified the U.K. supplier that the

payments had been transferred to the new bank accounts as detailed in the letter.  The

U.K. supplier responded that no changes had been made to their bank accounts, at which point

the victim company realized that the U.K. supplier's email system had been compromised and

that the letter changing the bank account information was fraudulent.  The victim company's

IT department subsequently determined that the email attaching the fraudulent letter had been

sent from an email address that was slightly different from the true email address of the

U.K. supplier.

5.      To further the investigation, Greek authorities have asked U.S. authorities to

provide bank records, including account holder information, pertaining to JPMorgan Chase Bank

account number XXXXX6999 and to interview the account holder(s).

## LEGAL BACKGROUND

6.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The

provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103

(1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a

treaty should be construed liberally "to give effect to the purpose which animates it."  United

States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent

that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty

supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.      The United States and Greece entered into the Treaty to promote more effective

judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  Treaty, art. 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, art. 5(1) ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.").

8.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*                         \*                         \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> \*                         \*                         \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.      Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2]  This section provides clear authority for the federal courts, upon application duly

authorized by an appropriate official of the Department of Justice, to issue orders that are

necessary to execute a foreign request.

10.      An application is duly authorized by an appropriate official of the Department of

Justice when the Office of International Affairs[3] has reviewed and authorized the request and

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things. See 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

11.      Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to:  (1) issue an order requiring a person to appear and/or to produce documents or other things;

(2) administer any necessary oaths; and (3) take testimony or statements and receive documents

or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce

documents or other things, the person appointed, commonly referred to as the "commissioner,"

typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be

served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

REQUEST FOR ORDER

12.      The Office of International Affairs has reviewed and authorized the Request and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of

Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the

Ministry of Justice, the designated Central Authority in Greece, and seeks assistance in the

investigation of computer fraud – a criminal offense in Greece.  The requested Order is necessary

to execute the Request, and the assistance requested, i.e., the production of bank records and

6

witness interview(s), falls squarely within that contemplated by Section 3512 and the Treaty.

Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.  The Treaty itself contemplates the need for confidentiality with

respect to all aspects of the execution of a request.  Specifically, Article 5, paragraph 5, provides:

"The Requested State shall use its best efforts to keep confidential a request and its contents if

such confidentiality is requested by the Central Authority of the Requesting State."

14.     When executing a foreign request for assistance in a criminal matter, both

Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in

U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice

to any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients.  This is true

even if the Requesting State, as here, seeks financial records, because the Right to Financial

Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the

execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633,

639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the

Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request

for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F.

Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person(s) or entity(ies) other than the

recipient(s) of any given commissioner's subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P.

Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner, authorizing the undersigned

to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the

intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     _____

Susan P. Hunter
Trial Attorney
D.C. Bar Number 501430
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-7822
Susan.Hunter@usdoj.gov